UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS COSH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civ. No. 2:12-308 (KM)(MAH)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court upon the motion of the United States of America's for summary judgment against Plaintiff Douglas Cosh. The motion will be denied because there is a genuine, material issue of fact as to whether Cosh entered the Delaware Water Gap National Recreational Area for purposes of recreation.

Mr. Cosh brings this action for injuries he sustained while bicycling on Old Mine Road in the Delaware Water Gap National Recreational Area ("Delaware Water Gap") in the Township of Montague, New Jersey. Cosh alleges that potholes in the road caused him to lose control of his bicycle and that he fell, injuring himself seriously. Defendant is alleged to maintain and control this road. Docket No. 1 at 4, ¶ 2.

Cosh alleges that Defendant breached its duty of reasonable care to safely maintain the road and failed to warn him that the road was dangerous. *Id.* at 5–6. He brings this negligence claim via the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346. The FTCA incorporates the substantive tort law of the place where the accident occurred—here, New Jersey.

The United States has moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56. Defendant alleges that it is immune from Cosh's negligence suit under the New Jersey Landowner Liability Act ("LLA"). The LLA provides tort immunity to owners of rural and semi-rural properties who open their property to others for sport and recreational activities. N.J.

Stat. Ann. § A:42A-3. Cosh responds that the LLA does not apply to his claim because he was not engaged in recreational activity and the property where the accident occurred is not rural or semi-rural. He does not deny that the Delaware National Recreational Area is open to the public and that he did not pay a fee to enter.

For Defendant to succeed on this motion, then, I must find that there is no genuine issue as to whether both required elements of the LLA are met. The motion poses two issues: (1) whether Cosh entered the Delaware Water Gap for recreational purposes, as defined by N.J. Stat. Ann. § 2A:42A-2, and (2) whether the site of the incident, part of the Delaware Water Gap, is a "rural/semi-rural" area. Because there is a genuine issue of fact, at least as to issue (1), Defendant's motion for summary judgment is denied.

## I. BACKGROUND

Plaintiff is a resident of Dingman's Ferry, Pennsylvania. On Sunday, July 18, 2010, he left his home at 8:30 am on his touring bike. Docket No. 16-3 at 20–21. His intended destination was Milford, Pennsylvania. There, he planned to meet a friend at the Milford Diner for breakfast at 9:30 a.m., after which they would walk around town to look at properties. *Id.* at 21–22, 30. En route, Cosh "encountered broken payment" that caused him to lose control of his bicycle, fall, and sustain serious injuries. Docket No. 1 at 5, ¶ 6. The accident occurred in a wooded area along Old Mine Road, also known as Route 209 or County Road 521, in the Delaware Water Gap in the Township of Montague, 2.2 miles south of the intersection with Route 206. *Id.* at 4; Docket No. 16-1 at 15. According to an area map, Plaintiff fell just below mile marker thirty one, in an area known as "the Minisink curves." Docket No. 16-1 at 15. On January 17, 2012, Plaintiff filed this action against the United States. Docket No. 1.

## II. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248; *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v.*

2

*County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Delaware River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

B. The FTCA and the LLA

The Federal Torts Claim Act provides the exclusive avenue for a negligence action against the United States. 28 U.S.C. §§ 2679(a), 2679(b)(1). The FTCA, a limited waiver of sovereign immunity, authorizes suits against the federal government for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA incorporates local law, providing that the United States is liable only to the extent that a private person or entity "engaging in analogous behavior would be liable" under

3

the law of the state where the alleged negligence occurred. *Aymonier v. United States*, 432 F. App'x 66, 67 (3d Cir. 2011) (citing 28 U.S.C. § 1346(b)(1)).

Because this tort allegedly occurred in New Jersey, this State's law applies. To establish negligence under New Jersey law, "a plaintiff must prove four core elements: '(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages[.]'" *Polzo v. Cnty. of Essex*, 196 N.J. 569, 584, 960 A.2d 375, 384 (2008). New Jersey tort law generally imposes a duty of care on landowners. The New Jersey Legislature, however, has abrogated that duty under the Landowner Liability Act for certain landowners who open their property to the public for sport or recreation. *See* N.J. Stat. Ann. § 2A:42A-3. The relevant provisions of the LLA provide that:

> a. An owner, lessee or occupant of premises . . . whether or not improved or maintained in a natural condition, or used as part of a commercial enterprise, owes no duty to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes;
>
> b. An owner, lessee or occupant of premises who gives permission to another to enter upon such premises for a sport or recreational activity or purpose does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.

N.J. Stat. Ann. § 2A:42A-3. For the LLA to apply, a claimant must have entered or used the premises for sport or recreational activity. The statute defines "sport and recreational activities" to include:

> hunting, fishing, trapping, horseback riding, training of dogs, hiking, camping, picnicking, swimming, skating, skiing, sledding, tobogganing, operating or riding snowmobiles, all-terrain vehicles or dirt bikes, and any other outdoor sport, game and recreational activity including practice and instruction in any thereof.

N.J. Stat. Ann. § 2A:42A-2. Section 2A:42A-3 was intended to shield liability for "undeveloped, open and expansive rural and semi-rural properties," and is not intended to protect owners of populated, residential neighborhoods.

4

*Mancuso ex rel. Mancuso*, 322 N.J. Super. 289, 295, 730 A.2d 911, 914 (N.J. Super. Ct. App. Div. 1999) (quoting *Harrison v. Middlesex Water Co.*, 80 N.J. 391, 400, 403 A.2d 910, 914 (1979)).

Plaintiff contends that he did not enter the Delaware Water Gap for purposes of sport or recreation and that, therefore, the LLA does not bar his negligence claim. As explained below, I find that there is a genuine, triable dispute as to whether Plaintiff engaged in sport or recreation while on the Delaware Water Gap premises. Therefore, summary judgment is inappropriate.

C. <u>Whether Plaintiff Was Engaged in Recreation or Sport</u>

The LLA applies to claims by individuals who have entered certain premises for the purpose of sport or recreation.

A threshold question is whether the particular activity is, even generically, recreational. Though cycling on a touring bike is not one of the activities specifically enumerated under the statute, the government contends that it falls under the catch-all provision—"any other outdoor sport, game and recreational activity." Docket No. 16-1 at 11. As a general matter, I agree. In *McCaffery v. United States of America*, Judge Wolfson reasoned that "[s]o long as a particular activity is sporting or recreational within the meaning of the LLA, the activity need not be specifically delineated within the LLA in order to confer immunity upon the landowner." No. CIVA 04-3702 (FLW), 2006 WL 1644816, at *14 (D.N.J. June 7, 2006). As courts have held, many unremunerated activities could fall within the LLA's domain. *See, e.g., Weber v. United States*, 991 F. Supp. 694, 700 (D.N.J. 1998) (finding that swinging on a swing set is a recreational activity).

That biking can be a recreational activity under the LLA, however, does not establish that it must be so in this instance. It must be said that the case law does not furnish an ironclad answer.

Notably, in *Mancuso ex rel. Mancuso v. Klose*, a New Jersey Appellate Division court found that the LLA did not apply where a young boy injured himself while running across a neighbor's lawn in order to get to a friend's yard to play tag. 322 N.J. Super. At 294, 730 A.2d at 914. In addition to finding that the premises were not rural or semi-rural, the court found that the boy was "simply passing through" defendants' property to get to another property to play. *Id.* at 296, 915. "The 'recreational activity' was to occur on his friend's

5

property," not on the defendants' property. *Id.* Though the boy was running, he was not running for recreation or sport, but for transportation.

In *Vaxter v. Liberty State Park*, a woman and her friend entered Liberty State Park to exercise on the park's walking paths. No. L–5623–08, 2010 WL 4237242, at *1 (N.J. Super. Ct. App. Div. Oct. 28, 2010). Following her workout, she returned to her friend's car to retrieve water bottles. After finishing her drink, she walked toward a trash receptacle, intending to discard the bottles. She stepped into a hole in a grassy area, injuring her ankle. *Id.* at *2. On appeal, the woman argued that the LLA did not apply because she had concluded her exercise and was therefore not engaged in recreational activity at the time that she attempted to discard the bottles. Rejecting plaintiff's interpretation, the court adopted a broader view of recreational purposes under the LLA. In the court's view, "she indisputably entered and was on the park premises for a recreational purpose or activity." *Id.* The court reasoned that "the LLA's protective immunity is neither restricted nor limited to injuries incurring *during* recreation, but rather extends to persons who have entered qualified premises for a recreational activity or purpose. Thus, N.J.S.A. 2A:42A–3a clearly states that no duty is owed 'to persons entering for such [recreational] purposes. . . .'" *Id.*

Plaintiff contends that he was not biking for sport or recreation. Unlike the plaintiff in *Vaxter*, he never at any point in his visit had a recreational purpose. Rather, like the boy in *Mancuso*, Cosh entered and used the Delaware Water Gap property for transportation purposes only. It was simply the terrain he passed through to get from Point A, Dingman's Ferry, to Point B, Milford. During a deposition, Plaintiff specifically testified that he was not riding his bike for pleasure. Docket No. 16-3 at 33.

The United States contends that Cosh's subjective intent is immaterial to a determination of whether he "enter[ed] upon such premises for a sport or recreational activity or purpose." I do not agree. It is true, of course, that this statute was passed as an inducement for landowners to open properties to the public without fear of liability. *See* N.J. Stat. Ann. § 2A:42A-5.1. As such, it should be construed liberally in the landowner's favor. Nevertheless, even a liberal interpretation must be tethered to the actual wording of the statute. And the statute requires that the Plaintiff have entered the premises "for" a recreational activity or "purpose." The Plaintiff's purpose for entering the premises is therefore relevant and material under the statute, and an issue as

6

to Plaintiff's purpose is therefore a "material" one for purposes of summary judgment.

In light of Cosh's sworn testimony that he entered the Delaware Water Gap and Old Mine Road with no recreational purpose, there is a genuine and material dispute as to that fact, which is of consequence to the application of LLA. And he offers some corroboration. He plausibly states that he left his house at 8:30 am, an hour in advance of his appointment with his friend, expecting that the trip would take him approximately forty minutes. His designated route appears reasonable.[1] His lack of access to a car buttresses his contention that he was using his bicycle that day for transportation, not recreation or sport.

To be sure, a contrary inference might be permissible as well. But I am not awarding summary judgment to Cosh; I am denying it to the Defendant. Cosh's "recreational purpose," or not, presents a genuine material issue of fact that cannot be resolved at this procedural stage. The motion of the United States for summary judgment will be denied.

D. Whether the Area is Rural or Semi-Rural

Having denied summary judgment, I need not rule on the Defendant's second issue: whether there is a genuine issue of fact as to the "rural" or "semi-rural" character of the property where the accident occurred. LLA immunity is intended to shield liability for "undeveloped, open and expansive rural and semi-rural properties," and is not intended to protect owners of populated, residential neighborhoods. *Mancuso ex rel. Mancuso,* , 322 N.J. Super. at 295, 730 A.2d at 914 (quoting *Harrison v. Middlesex Water Co.,* 80 N.J. at 400, 403 A.2d at 914). Therefore, the scope of the LLA's shield depends on the dominant character of the land. *See Toogood v. St. Andrews At Valley Brook Condo. Ass'n,* 313 N.J. Super. 418, 425–26, 712 A.2d 1262, 1265 (N.J. Super. Ct. App. Div. 1998) (explaining that the statute is designed to focus on the dominant character of the land).

The government has put forth strong evidence that Cosh suffered his accident in a rural or semi-rural setting that would fall under the LLA's

---

[1] I have consulted a map, and I take judicial notice that this is not the only route from Dingman's ferry to Milford, but it is a natural one. It is not, for example, so circuitous and indirect as to give rise to an inescapable inference that Cosh was riding for pleasure.

7

protection. *See* Docket 16. Nevertheless, because I have already found that summary judgment is inappropriate on other grounds, I will not decide whether the area of the accident is fairly characterized as dominantly rural or semi-rural.[2]

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **DENIED**. An appropriate order will be filed with this opinion.

_____
**KEVIN MCNULTY**
**United States District Judge**

---

[2] In its brief in support of this motion, Defendant also argues that the facts alleged do not bring into play any of the LLA's enumerated exceptions. *See* N.J. Stat. Ann. § 2A:42A-4. Plaintiff does not appear to contest these points, but I will reserve discussion of the issue, as summary judgment is unwarranted at this time.