UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DOUGLAS COSH,** | Civ. No. 2:12-308 (KM)(MAH) |
| Plaintiff, | |
| v. | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

The United States of America seeks reconsideration, pursuant to Local Rule 7.1(i), of my Opinion (the "Opinion," Docket No. 32) and Order (the "Order," Docket No. 33), filed October 11, 2013, which denied the motion of the United States for summary judgment. I write this unpublished opinion primarily for the parties and will not repeat the analysis in that prior opinion; familiarity with it is assumed. This motion for reconsideration is denied, as such relief is not necessary to correct a clear error of law or to prevent manifest injustice. I deny it without oral argument, pursuant to Fed. R. Civ. P. 78. I also deny it without awaiting responding papers, in the interest of efficiency. The government's motion raises no substantial arguments that have not been thoroughly briefed, considered and decided on the main motion.

## I. Legal Standard

Motions for reconsideration are governed by Local Civil Rule 7.1(i). *Bowers v. Nat'l Collegiate Athletics Assoc.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). That Rule states:

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i).

A motion for reconsideration is "'an extremely limited procedural vehicle.'" *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)). The movant has the burden of demonstrating either: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Beety–Monticelli v. Comm'r of Soc. Sec.*, 343 F. App'x 743, 747 (3d Cir. 2009) (non-precedential). In other words, such a motion may be granted where facts or controlling legal authority were presented to, but not considered by, the court. *Mauro v. N.J. Supreme Ct.*, 238 F. App'x 791, 793 (3d Cir. 2007) (non-precedential).

Reconsideration is not warranted, however, where (1) the movant simply repeats the cases and arguments previously analyzed by the court, *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005); *see also Tehan*, 111 F. Supp. 2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered . . . ."); or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision, *id.*; *see Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument."). The motion is not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment. *See Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07-5938, 2010 WL 5418972, at *2 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Accordingly, relief pursuant to Rule 7.1 is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. *See* L. Civ. R. 7.1(i). Because the requirements are so stringent, motions for reconsideration typically are not granted; rather, relief is "an extraordinary remedy" to be granted "sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

## III. Analysis

The Court refers the parties to the statement of facts in the Court's October 11, 2013 Opinion. Docket No. 32. In that Opinion, I denied Defendant's motion for summary judgment, finding that there was a genuine, material issue of fact as to whether the plaintiff, Douglas Cosh, entered the Delaware Water Gap National Recreation Area for "purposes" of sport or recreation. In light of the statutory language, relevant case law, and supporting and opposition briefs, this Court held that New Jersey's Landlord Liability Act ("LLA"), N.J. Stat. Ann § 2A:42A-3, applies where a plaintiff entered the premises "for such purposes," *i.e.*, recreational purposes. I held that Cosh's purpose for entering the premises was relevant and material to that explicit statutory requirement. Therefore, an issue as to Plaintiff's purpose is a "material" one for purposes of summary judgment, and summary judgment is unwarranted where there exists such a genuine issue of material fact. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence that Cosh entered the premises for the purpose of sport or recreation was materially in conflict. I therefore denied the motion, because, at this procedural stage, I could not hold as a matter of law that Cosh's negligence suit against the government was barred by the LLA.

The United States now argues that this Court's interpretation of the LLA, requiring that a plaintiff be on the premises for "purposes" of sport or recreation, creates a "manifest injustice" and that the decision should be reconsidered. If this Court's decision stands, says the government, "no landowner will ever again benefit from the statute in the manner the New Jersey Legislature intended." Motion for Reconsideration at 4.

That appeal to "manifest injustice" is just another way of saying I got it wrong—or perhaps really, really wrong. With one arguable exception (*see* n.6, *infra*), the government offers nothing that was not before the Court on the original motion. The government has proffered no proper basis for reconsideration under the Local Rules.[1]

---

[1] The government concedes that it "raised" its primary argument, concerning plaintiff's subjective intent, "in its moving papers." Motion for Reconsideration at 6. And the Court did indeed consider, discuss, and reject this argument. *See* Opinion at 6-7. A motion for reconsideration is inappropriate where a litigant simply asks the court to reconsider case law and arguments previously presented, especially when they were not overlooked. *See Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005). The government also seeks to reassert its view of certain case

3

That said, I have reexamined my decision. It is possible that I misread the statute, and wisdom ought not be rejected merely because it comes late. I continue to think, however, that my decision is consonant with the language and intent of the New Jersey statute. The allegedly "unjust" consequences—of which I am skeptical —must be averted, if at all, by the New Jersey Legislature. (And presumably the federal government, if it feels that strongly about the local law that it has incorporated by virtue of 28 U.S.C. § 1346(b)(1), can pass a statute of its own.) The decision was not erroneous, and *a fortiori* it does not create a manifest injustice.[2]

Part of the government's difficulty with my decision seems to arise from a misunderstanding. Under my decision, says the government, "not only must the plaintiff have entered and used the premises the landowner holds open for sport or recreational activity, he must have also subjectively intended to recreate." Motion to Reconsider at 5. The implication is that I added a new mental element to the statute: "intent to recreate." Not so. I was analyzing and discussing the evidence relevant to the issue of the recreational "purposes," or not, of plaintiff Cosh's bicycle trip.

What the government really seems to be saying is that the plaintiff's purpose when entering onto the property is "immaterial"—*i.e.*, that such evidence is so completely irrelevant that it cannot create, or contribute to the creation of, a triable issue of fact. That necessarily boils down to a claim that riding a bicycle is recreational by definition; if a plaintiff entered the property intending to ride his bike, then the LLA is satisfied. I do not agree. Here, the activity (bicycling) is hybrid: recreational or not, depending on the circumstances. That being the case, the plaintiff's purpose in doing it is a fact—to be sure, not the only fact, but one fact—that is relevant to the legal issue of a recreational purpose.

The government's analysis gets off on the wrong foot because, in its view, the LLA means that a "landowner owes no duty to anyone to make his land safe to entrants who might use the premises for sport or recreational

---

law interpreting the LLA. The reader is directed to my discussion of that case law in my earlier Opinion at pp. 5-6.

[2]   In any case, the government may on sober reflection wish to reconsider its position that, thanks to me, "no landowner will ever again benefit from the statute in the manner the New Jersey Legislature intended." To find that a material issue of fact bars summary judgment in an individual case is not to repeal the statute by implication. I am certain that this bit of hyperbole was not intended as an abandonment of the government's position in future litigation.

activities." Motion for Reconsideration at 5. Never paraphrase a statute. It does not say that; it says this:

> An owner, lessee or occupant of premises . . . whether or not improved or maintained in a natural condition, or used as part of a commercial enterprise, *owes no duty* to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises *to persons entering for such purposes.*

N.J. Stat. Ann. § 2A:42A-3 (emphasis added).

The government breaks this language down phrase-by-phrase in a way that supposedly makes it all clear. What is clear, however, is that, with certain conditions, the landowner "owes no duty ... to persons entering for such purposes," *i.e.,* recreational purposes. The statute does not, as the government would have it, extend to "anyone" who "*might use* the premises" for "sport or recreational *activities.*" It is something of a *non sequitur,* moreover, for the government to claim that its breakdown, or even its paraphrase, of the statutory language demonstrates that the term "recreational activities" necessarily encompasses bicycle riding of the kind done by the plaintiff here.[3]

I repeat that I have not added a new mental-state element to the statute; I have analyzed the evidence relevant to an element that is explicitly and indisputably there: entry on land "for such purposes," *i.e.,* recreational purposes. The government effectively reads the word "purposes" out of the statute. But it must mean something. To begin with, a "purpose" does not float in the air. It must be *somebody's* purpose.[4] And whose, if not that of the plaintiff-to-be who entered on the owner's land?

---

[3] There is another problem. The language partly quoted and partly paraphrased by the government describes a tort duty of care that is (not) owed: the "duty to keep the premises safe for entry or use by others for sport and recreational activities." The language containing the word "purposes" describes to what persons, in what capacity, and in what location, the duty is (not) owed. What's the difference? If an errant softball struck, say, a park maintenance person, he might have a cause of action against his employer, the landowner. If it struck an outfielder, perhaps not. At any rate, the two scenarios do not present precisely the same issue.

[4] Certainly that is the primary sense of the word.

> **pur·pose** noun \ˈpər-pəs\
> : the reason why something is done or used : the aim or intention of something
> : the feeling of being determined to do or achieve something

5

My earlier opinion discussed the who and when of a person entering on land for recreational purposes. Sometimes—I daresay often—the issue will be uncontroversial. An unambiguously recreational activity necessarily implies an unambiguous recreational purpose. Playing in an amateur softball game, swimming laps, bird watching: these examples seem clear enough. We would not argue about whether the shortstop, swimmer, or peeper acted with recreational intent, or whether on the other hand she silently said to herself "this is not fun." Perhaps if the landowner abducted some person to the property and compelled him to watch birds,[5] that unfortunate victim's recreational "purpose" would be at issue; otherwise, probably not. The remote possibility of that scenario, at any rate, does not justify the government's fear that the protections of the LLA have been silently repealed. As I say, many, perhaps most, cases will be clear.

Sometimes, however, as in this case, the nature of the premises, the quality of the activity, and the characteristics of the plaintiff may conspire to render the recreational-purpose issue less clear. By "less clear" I mean more fact-intensive, and therefore less susceptible of resolution on a dispositive motion. That is not to say that the LLA has no force; it is to say that its applicability may depend on the resolution of issues of fact.

Take the premises, for example. The Delaware Water Gap National Recreation Area extends along some 30 miles of the river that divides New Jersey from Pennsylvania, and is crossed by several busy public roads. The plaintiff's alleged route through the Recreation Area, for example, seemingly took him onto a short stretch of US Route 209 before he crossed the river to Old Mine Road (County Road 521), where the accident occurred. Roads though the Recreation Area are open to bicycle, car, motorcycle, or truck traffic,

---

: the aim or goal of a person : what a person is trying to do, become, etc.
....
1
   a : something set up as an object or end to be attained : intention
   b : resolution, determination
2
   : a subject under discussion or an action in course of execution

www.merriam-webster.com/dictionary/purpose (last visited Oct. 31, 2013).

[5]    Perhaps by means analogous to the abusive behavior modification therapy imposed on Alex in *A Clockwork Orange*.

including, on a restricted basis, commercial traffic.[6] Traveling through this preserve, then, is not like entering a public tennis court with racket in hand; it does not unambiguously bespeak a recreational purpose. Nobody, for example, thinks that every vehicle traversing the Delaware Water Gap on the way from New Jersey to Pennsylvania flashes in and out of recreational mode.

Or consider the activity. Bicycling can be a sport under some circumstances; likewise, motorcycling, automobile driving, and even trucking (*e.g.,* motocross). But under many other circumstances, those activities are not recreational. They constitute personal or commercial transportation—a means of getting people and goods from here to there. Nobody—least of all his or her employer—thinks that, say, a bike messenger or a tractor trailer driver is engaging in recreation.

The hybrid nature of these transportation activities perhaps explains why they are not explicitly defined as recreational activities in the LLA:

> hunting, fishing, trapping, horseback riding, training of dogs, hiking, camping, picnicking, swimming, skating, skiing, sledding, tobogganing, operating or riding snowmobiles, all-terrain vehicles or dirt bikes, and any other outdoor sport, game and recreational activity including practice and instruction in any thereof.

N.J. Stat. Ann. § 2A:42A-2. The listed activities—although they may occur in a non-recreational setting—would ordinarily be pursued as recreation in the climate and social setting of our State. Or so the Legislature could reasonably have thought.[7] But such hybrid activities as driving or bicycling, to be

---

[6] *See, e.g.,* www.nps.gov/dewa/planyourvisit/upload/sb2Rt209Fees.pdf (last visited Oct. 31, 2013) (commercial traffic user fee for US 209). Maps of the Recreational Area are at www.nps.gov/hfc/cfm/carto-detail.cfm?Alpha=DEWA.

[7] No doubt some legislative line-drawing went on here. A person may hunt or fish for fun *and* for food. A person may hike for recreation *and* for cardiovascular health. In some climes, skating or tobogganing may be a means of transportation. Nevertheless, it is possible to make a judgment that such activities, in a particular milieu, should be deemed recreational. Where an activity is on the list, the Legislature has made the court's job easier; where it is not, a factual issue may be presented.

While we are on the subject of the Legislature, I note that the government's motion invokes legislative history. This is new, and a motion for reconsideration is not properly a vehicle for raising new matters unless there was a good reason for not raising them before. *See Bapu Corp.*, Civ. No. 07–5938, 2010 WL 5418972, at *2 (citing *P. Schoenfeld Asset Mgmt. LLC*, 161 F. at 352). At any rate, I see nothing in the government's presentation of the legislative history that would moot the issue of fact presented by the proofs here. The legislative history sheds no light on the recreational-

included, must fall within the catchall category ("any other outdoor sport, game and recreational activity ...."). And that presents a potential factual issue, one that surfaced in this case.

Finally, consider the plaintiff. A plaintiff's reasons for engaging in a hybrid activity—here, bicycling—may shed light on the factual issue as to whether there was a recreational purpose. Was she rushing to the hospital? Was he paid $20 to deliver a package to a business on the other side of the park? Did she take a circuit around a dedicated bike path and return home? These are facts that may bear on whether there was a recreational "purpose" for the activity. Here, the plaintiff presented testimony and corroborating evidence that he has no access to a car and that he, on his bicycle (like many a driver in a car or truck), passed through the Delaware Water Gap area on his way from his home to his destination. Whether plaintiff prevails on that issue is, of course, another matter.

A hybrid activity such as bicycling may present a recreational-purpose issue that is less easy to resolve on summary judgment than, say, bird watching. Another way to say that is that it may present, or contribute to, a triable issue of fact. Another way to say it is "summary judgment denied."

## Conclusion

For the foregoing reasons, the motion of the United States motion for reconsideration is **DENIED**. An appropriate order will be filed with this opinion.

_____
**KEVIN MCNULTY**
**United States District Judge**

---

purpose issue presented by this case. The government's argument from legislative history is just a repackaging of its argument from the statute itself. And general statements about the liberal pro-defendant policy of the statute cannot be used in derogation of its actual wording. If the Legislature meant simply to say "landowner wins," two words might have sufficed.